918 F.2d 185
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert N. McAULAY, trustee in bankruptcy of the estates of
Holosonics, Inc., and Holotron Corporation, Plaintiffs,
American Bank Note Company, Intervenor
and American Bank Note Holographics, Inc., Intervenor-Appellant,
v.
UNITED STATES BANKNOTE CORPORATION, Defendant,
and Light Impressions, Inc,. and Stephen P. McGrew,
Defendants/Cross-Appellants.
 Nos. 90-1218, 90-1220.
 United States Court of Appeals, Federal Circuit.
 Oct. 1, 1990.
 
 Before MARKEY, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 MARKEY, Circuit Judge.
 
 
 1
 American Bank Note Holographics, Inc. (ABNH) appeals from the district court's denial of preliminary injunction against alleged infringement of claims 11 and 12 of U.S. patent No. 3,894,787. Light Impressions, Inc. and Stephen P. McGrew (LI et al.) appeal from the district court's grant of preliminary injunction against infringement of U.S. patent No. 3,838,903. We AFFIRM.
 
 OPINION
 
 2
 Appeal No. 90-1218 ABNH has not shown that the district court abused its discretion, committed an error of law, or misjudged the evidence in denying a preliminary injunction against infringement of claims 11 and 12 of U.S. patent No. 3,894,787. This court earlier determined that "ABNH has not shown ... serious if not irreparable consequence that cannot be repaired by a damage award." JA 1062. With no irreparable injury, and no countervailing showing of reasonable likelihood of success, balance of hardships, or public interest, the district court's denial must stand. Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266 (Fed.Cir.1985).
 
 
 3
 Appeal No. 90-1220. LI et al. have not shown that the district court abused its discretion, committed an error of law, or misjudged the evidence in granting a preliminary injunction against infringement of U.S. patent No. 3,838,903. The district court provided findings sufficient for review. LI et al. assert that the district court did not make sufficient findings on their sublicense defense. However, LI et al. did not challenge before the district court the special master's findings of no valid sublicense.
 
 
 4
 This court's above-quoted statement was not preclusive because it was in a different case in which there was no likelihood of success to bolster a finding of irreparable harm.
 
 
 5
 LI et al. do not impugn the findings of irreparable harm, balance of hardships, or public interest. Instead of demonstrating error in the finding of likelihood of success, LI et al. impermissibly seek de novo review.